UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:18-cv-1870 EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in this civil rights action, has filed an application to proceed in forma pauperis. ECF Nos. 2 & 5. He has also filed a motion for preliminary injunction. As discussed below, his in forma pauperis application is granted but certain claims must be dismissed. Further, the motion for preliminary injunction must be denied.

## Application to Proceed In Forma Pauperis

Plaintiff's application (and prisoner trust fund account statement) make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

1

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Screening Order

I.  Factual Background

Plaintiff alleges that he is a practitioner of Odinism – a nature-based religion which originated in North Europe. ECF No. 1 at 4. He claims that a tenet of Odinism is the regular (at least monthly) performance of an outdoor bonfire ceremony. *Id.* Plaintiff states that he has access to an outdoor worship area at High Desert State Prison ("HDSP") – where he is currently incarcerated – but is not allowed to have a bonfire. *Id.* at 5. He also claims that the outdoor area designated for worship is used by other religions aside from Odinism. *Id.* This shared space has resulted in "myriad spiritual energies" being trapped within which, in plaintiff's words have resulted in a "disharmonious and chaotic influence on all who utilize such an area." *Id.*

Plaintiff claims that one religion at HDSP *is* allowed both an exclusive outdoor space and a bonfire, however. *Id.* at 5-6. Practitioners of the "American Indian" faith are alleged to have these amenities, though plaintiff admits that he has no knowledge of how these special accommodations came to be. *Id.* at 6. He claims, however, that even if he were granted access to this area, he could not practice his religion therein. *Id.* According to plaintiff, the area has been consecrated by American Indian deities and ancestral spirits and, thus, he would be spiritually harmed if he attempted to practice Odinism therein. *Id.*

The California Department of Corrections and Rehabilitation ("CDCR") is alleged to have a policy governing outdoor worship. *Id.* The policy purportedly permits: (1) a flameless electric candle in lieu of an open flame; (2) a fenced-in outdoor area with "zero religious facilities"; and (3) practitioners of the American Indian faith to continue using their own exclusive area. *Id.* at 7. The policy allegedly disallows bonfires or use of "permanent religious symbols. *Id.*

3

II. Analysis

Plaintiff casts his claims as arising under: (1) Religious Land Use and Institutionalized Persons Act ("RLUIPA"); (2) the Free Exercise and Establishment Clauses of the First Amendment; and (3) the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 13-14. The court finds that, as currently articulated, only plaintiff's Establishment and Equal Protection Clause claims potentially state a claim, and only with respect to defendants Harrington, Allison, and Kernan. His other claims must be dismissed with leave to amend.

A. RLUIPA and Free Exercise Claims

Under RLUIPA:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

*See* Pub.L.No. 106-274, 114 Stat. 803 (2000) (codified at 42 U.S.C. § 2000cc-1). Plaintiff shoulders the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). A "substantial burden" is one that is "oppressive to a significantly great extent." *Id.* at 995. It "must impose a significantly great restriction or onus upon [religious] exercise." *Id.* The court concludes that plaintiff has failed to show that the defendants have substantially burdened his practice of Odinism. He admits that prison officials have made an outdoor space "with stones" available for the practice of his religion. ECF No. 1 at 5. His primary points of contention are the disallowance of a bonfire and the fact that the outdoor worship space is not exclusive to Odinism. These limitations, however, describe only what has been characterized as "the diminishment of spiritual fulfillment" rather than a significant curtailment that actually restricts the exercise of his faith. *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1070 (9th Cir. 2008) ("[T]he diminishment of spiritual fulfillment--serious though it may be--is not a 'substantial burden' on the free exercise of religion."). Plaintiff would surely argue that the accommodations he identifies are actually *essential* to the practice of Odinism, or at least Odinism as he would

4

practice it. Practically speaking, however, government could not function if it were required to recognize and accommodate every individual's exact religious preferences. *See Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 451 (1988) ("Whatever may be the exact line between unconstitutional prohibitions on the free exercise of religion and the legitimate conduct by government of its own affairs, the location of the line cannot depend on measuring the effects of a governmental action on a religious objector's spiritual development."). This is particularly true in this instance where plaintiff insists of space exclusive to his preference.

Plaintiff's claims under the Free Exercise clause fail for similar reasons. The First Amendment mandates that the government shall not prohibit the free exercise of religion. U.S. Const. Amend. I. Prisoners must therefore be afforded reasonable opportunities to exercise their religious freedom. *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972). However, those rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). Here plaintiff's allegations indicate that he was afforded reasonable opportunities to practice Odinism.

Finally, other courts have rejected prisoner claims of constitutional entitlement to a religious bonfire or exclusive worship area. *See, e.g.*, *Birdwell v. Cates*, No. 2:10-cv-0719 KJM GGH P, 2012 U.S. Dist. LEXIS 65199 (E.D. Cal. 2012) (finding that the First Amendment did not require prison officials to provide an Odinist with a bonfire[1] or an exclusive religious space); *Callaway v. Frink*, No. CV-11-00090 2013 WL 1856524, at *4 (D. Mont. April 3, 2013) (deprivation of fire did not substantially burden claimant's practice of Odinism where it only impacted "certain parts" of his ceremony); *Smith v. Allen*, 502 F.3d 1255, 1280 (11th Cir. 2007) (abrogated on other grounds by *Sossamon v. Texas*, 563 U.S. 277 (2011)) (holding that an

/////

---

[1] The court recognizes that the bonfire component of the *Birdwell* decision largely rested on that plaintiff's failure to demonstrate that a wood fire was required by Odinism. *Birdwell*, 2012 U.S. Dist. LEXIS 65199 at *36. The *Birdwell* court also concluded, however, that "large open fires inside the prison could also potentially pose a danger to other inmates and prison officials." *Id.*

5

Odinist's rights under the constitution and RLUIPA were not violated when prison officials provided him with a small candle rather than a bonfire).

### B. Establishment Clause and Equal Protection Claims

Plaintiff's claim that the precise accommodations he seeks have been granted to practitioners of the "American Indian" religion presents a more viable claim.

With respect to the Establishment Clause, the Supreme Court has held that "The First Amendment mandates governmental neutrality between religion and religion . . . . The State may not adopt programs or practices . . . which 'aid or oppose' any religion. . . . This prohibition is absolute." *Larson v. Valente*, 456 U.S. 228, 246 (1982) (quoting *Epperson v. Arkansas*, 393 U.S. 97 (1962)). In *Lemon v. Kurtzman*, the Supreme Court set out the test for violations of the Establishment Clause and it requires that government acts: (1) have a "secular legislative purpose," (2) not have a "principal or primary effect" which either "advances [or] inhibits religion," and (3) not foster "an excessive government entanglement" with religion. 403 U.S. 602, 613 (1971).

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891.

Here, plaintiff alleges that practitioners of the "American Indian" religion have been allowed to use bonfires in their worship and that their services are performed in an exclusive area. ECF No. 1 at 6. He claims that these allowances are explicitly carved out in CDCR policy. *Id.* at 7. The court concludes that these allegations, taken as true, could potentially state cognizable claims that CDCR policy violates plaintiff's rights under the Establishment and Equal Protection

clauses of the constitution and therefore should not be dismissed at the screening stage. Accordingly, these claims may proceed against defendants Harrison, Allison, and Kernan – both of whom are alleged to have promulgated and/or implemented the policy in question. ECF No. 1 at 8-9; *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'").[2]

Plaintiff's claims against the remaining defendants are largely based on their interaction with and responses to his prison grievance appeals. *See*, *e.g.*, ECF No. 1 at 9 – 12 ((1) alleging that defendant Spearman[3] failed to forward his administrative appeal to the Statewide Religious Review Committee; (2) alleging that defendant Andre addressed plaintiff's appeals and, like Spearman, failed to forward his appeal to the statewide committee; (3) alleging that defendant Foss answered plaintiff's appeals at the second level of review and is generally aware that plaintiff cannot practice his religion; (4) alleging that defendant Beck interviewed plaintiff in connection with the prison appeals process and failed to forward his claims to the statewide committee; and (5) defendant Speers failed to forward issues to the statewide committee or to take unspecified "proper action" with respect to his claims). These claims are simply too vague to proceed. Further, there is no constitutional right to a particular administrative grievance process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff also claims that defendant Grether – a correctional captain at HDSP – has harassed and retaliated against plaintiff on the basis of his religion. ECF No. 1 at 12. He alleges

---

[2] This determination is without prejudice to subsequent motions by the defendants under either Rule 12(b)(6) or, perhaps more appropriately, Rule 56.

[3] Plaintiff also alleges that Spearman has the authority to "expand the outdoor religious grounds" and has refused to do so. ECF No. 1 at 10. He also claims that Spearman has refused to "perform his duty in regards to [plaintiff's] requests for a religious bonfire." *Id.* Plaintiff does not explain how Spearman has the authority to perform these acts in light of the previously alleged CDCR-wide policy which precludes bonfires. Further, it is unclear what plaintiff means by "expanding" the outdoor religious grounds.

that Grether has "deliberately misconstrue[d]" the CDCR policy referenced above in order to effect his retaliatory activities. *Id.* This is a separate claim from the underlying constitutional legitimacy of the CDCR policy, discussed *supra*. Thus, it will be dismissed so that plaintiff may bring it, if he chooses, in a separate suit.

Lastly, plaintiff claims that defendants Sherman and Moore – both officials at the Substance Abuse Treatment Facility – were involved in similar deprivations of his rights in 2015 and 2016. *Id.* at 12-13. Plaintiff does not allege that these individuals were responsible for implementing or promulgating the policy he now challenges. And, to the extent he alleges they violated his rights in some other way, those claims belong in a separate suit insofar as they involve separate incidents at a separate institution.

## Leave to Amend

Plaintiff may either proceed with his First and Fourteenth Amendment claims against defendants Harrison, Allison, and Kernan, or he may elect to file an amended complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ deprivation. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

8

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Preliminary Injunctive Relief

After filing his complaint, but before screening was completed, plaintiff submitted a motion for preliminary injunction. ECF No. 8. Therein, plaintiff seeks an injunction which requires prison officials to allow inmates to utilize the exercise yard for religious activities and enjoining prison officials from forcing inmates to utilize the outdoor worship enclosure. *Id.* at 13.

The Supreme Court has held that a claimant seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). Plaintiff has failed to substantively address each of these factors in his motion. Additionally, given the serious and obvious implications for prison administration if the injunction were granted, the court is reluctant to entertain a grant without affording defendants an opportunity to respond. Thus, this motion should be denied without prejudice to renewal after defendants have been served.

## Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

/////

9

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's allegations are sufficient to state cognizable First (Establishment Clause) and Fourteenth Amendment (Equal Protection Clause) claims against defendants Harrison, Allison, and Kernan. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint;

4. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the July 2, 2018 complaint, three forms USM-285, and instructions for service of process on defendants Harrison, Allison, and Kernan. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and four copies of the endorsed amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure; and

5. Plaintiff is cautioned that failure to comply with this order may result in dismissal of this action for failure to prosecute.

6. The Clerk of Court shall randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 8) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 16, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SESSING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-1870 EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the First and Fourteenth Amendment claims against defendants Harrison, Allison, and Kernan and submits the following documents:

　　　　　　1　　　completed summons form

　　　　　　3　　　completed forms USM-285

　　　　　　4　　　copies of the July 2, 2018 complaint

OR

(2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

_____
　　　　　　　　　　　　　Plaintiff

Dated: