1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NATHAN SESSING,                              No.  2:18-cv-1870-TLN-EFB P

12              Plaintiff,

13        v.                                      ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
14   KATHLEEN ALLISON, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C.

18   § 1983, has asked that this action be stayed because he has been transferred to a county jail for

19   resentencing without his case file.  ECF No. 15.  As discussed below, it is recommended that this

20   motion be denied.

21        "The district court has broad discretion to stay proceedings as an incident to its power to

22   control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North*

23   *American Co.*, 299 U.S. 248, 254 (1936)).  "The proponent of a stay bears the burden of

24   establishing its need."  *Id.* at 708.  Here, plaintiff argues that a stay is necessary because he does

25   not have access to "the most basic of legal supplies."  ECF No. 15.  He is also under the mistaken

26   belief that the "court has not screened the complaint yet."  *Id.*

27   /////

28   /////

On May 15, 2019, the court screened plaintiff's complaint and granted him 30 days to either file an amended complaint or proceed with the claims identified by the court as cognizable. ECF No. 10. On June 12, 2019, the court's screening order was re-served on plaintiff at the county jail, along with the documents he needed to complete and return to the court to effect service of process. Plaintiff does not require his case file to notify the court as to whether he intends to amend the complaint (and request an extension of time to do so, if necessary), or proceed with the claims identified as cognizable and return the documents necessary to effect service of process. That simple task can be completed without staying the entire case. There being no need for an indefinite stay of the proceedings, the motion should be denied.

Based on the foregoing, it is ORDERED that plaintiff is granted an extension to time and he shall have thirty days from the date of this order to either (a) notify the court that he wishes to file an amended complaint in accordance with the May 17, 2019 screening order and either file an amended complaint or request a further extension of time to do so, or (b) proceed with the claims identified in the screening order as cognizable and return the completed documents for service of process. Failure to so comply may result in a recommendation that this action be dismissed.

Further, it is RECOMMENDED that plaintiff's motion to stay (ECF No. 15) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE